**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| CHARLES J. TROIS, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-16-CV-746-XR |
| § | |
| APPLE TREE AUCTION CENTER, INC. and § | |
| SAMUEL SCHNAIDT, § | |
| § | |
| *Defendants.* § | |

**ORDER**

On this day came on to be considered Defendants' Motion to dismiss (docket no. 2).

**BACKGROUND**

Plaintiff initially filed this case in the 285th Judicial District Court of Bexar County, Texas. In Plaintiff's Original Petition he alleges that he was contacted by the Defendants to sell by auction several of his collectibles, including firearms and antiques.  Plaintiff alleges that Defendants failed to properly market the auction as promised, failed to require minimum bids as agreed, and that various items sold for significantly lower than what they should have. Plaintiff brings causes of action of fraud and breach of contract.

Defendants removed the case to this court alleging diversity jurisdiction.  Plaintiff is a citizen of Texas and the Defendants are citizens of Ohio.  Plaintiff seeks more than $1 million in damages.

**Defendants' motion to dismiss for lack of personal jurisdiction**

Defendants argue that Plaintiff made the initial inquiry into using the Defendants' auction services, and Defendants required that Plaintiff travel to Ohio with his items so that they could be inspected. Plaintiff arrived in Ohio on May 9, 2016 and the parties negotiated and signed a contract in Ohio that same day. Defendants advanced Plaintiff $300,000 on the net proceeds of the future auction. An auction was held in Ohio on three separate days, June 10, 17 and 18. The net proceeds of the auction were less than $100,000. See Affidavit of Samuel Schnaidt, President of Apple Tree Auction Center. Apple Tree has sued Charles Trois in the Court of Common Pleas in Licking County, Ohio to recover the approximate $200,000 of alleged overpaid advance.

Plaintiff argues that in the Spring of 2016 he was contacted by a person known as Michael "Tuck" Barrick. Mr. Barick claimed that "he was working with an auction company and that he wanted to speak … about selling some of my items through the company he was working with."[1] Plaintiff further asserts that Mr. Barick later visited him in Texas to discuss using Apple Tree's services. Allegedly Mr. Barick represented that he had some form of agreement with Apple Tree to solicit clients and that he received a percentage of commissions. Plaintiff also alleges that sometime later he was contacted again two or three times by telephone by Mr. Barick, but that Mr. Schnaidt was also on the call. During these calls, they discussed that Plaintiff valued his items at $2 million, that internet advertising and a brochure would be used for marketing, that the items would be protected from selling below value, and

---

[1] Mr. Barrick's relationship with Apple Tree is in dispute. Plaintiff claims that Mr. Barrick was an agent of Apple Tree. Apple Tree denies any agency relationship and claims that Mr. Barrick is only paid a "finder's fee by Apple Tree consisting of a percentage of the auction commission for any person found and referred by him to Apple Tree that signs a c contract with Apple Tree to hold an auction." Docket No. 6-1, Exhibit 5.

that Plaintiff was living in Texas. Mr. Schnaidt also allegedly represented that he was an expert in bronze sculptures and that he had someone working with him who was an expert on firearms. Based upon the verbal representations made by Mr. Schnaidt, Plaintiff alleges that he prepared an inventory of items, packed the items into a truck and traveled to Ohio. Plaintiff alleges that he met with Mr. Schnaidt and two experts at the Apple Tree auction center. Allegedly representations were made by Defendants that the items were valued by Plaintiff correctly or below market.

## Analysis

A federal court "may assert jurisdiction if (1) the state's long-arm statute applies … and (2) if due process is satisfied." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). In the state of Texas, the long-arm statute authorizes the exercise of jurisdiction over a nonresident to the full extent compatible with federal mandates of due process. *Id.* (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

Thus, personal jurisdiction is proper if two requirements are fulfilled. "First, the nonresident defendant must have 'purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state.'" *Felch v. Transportes Lar–Mex SA DE CV*, 92 F.3d 320, 323 (5th Cir. 1996) (quoting *Wilson*, 20 F.3d at 647). In order to establish "minimum contacts," it is sufficient to show that the defendant has contacts giving rise to either specific or general jurisdiction. *Id.* (quoting *Wilson*, 20 F.3d at 647). "Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum

state arise from, or are directly related to, the cause of action." *Wilson*, 20 F.3d at 647 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990)). General jurisdiction is proper "even if the ... contacts with the forum state are not directly related to the cause of action, [as long as] the defendant's contacts with the forum state are both 'continuous and systematic.'" *Id*. (citing *Helicopteros*, 466 U.S. at 414 n. 9).

Second, "the exercise of jurisdiction over the nonresident defendant must not 'offend traditional notions of fair play and substantial justice.'" *Felch*, 92 F.3d at 323 (quoting *Wilson*, 20 F.3d at 647). In making such a determination of "fairness," courts "consider (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution to controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Bullion*, 895 F.2d at 216 n. 5 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987)).

"The plaintiff bears the burden of demonstrating facts sufficient to support both jurisdiction and venue when a nonresident defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper.  In the absence of an evidentiary hearing, a court should allow a plaintiff to carry this burden based upon setting forth facts that taken as true would establish venue.  The court must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual

conflicts. But the court is not obligated to credit conclusory allegations, even if uncontroverted." *Breathwit Marine Contractors, Ltd. v. Deloach Marine Servs., LLC*, 994 F. Supp. 2d 845, 848 (S.D. Tex. 2014) (internal citations omitted).

### General jurisdiction

A defendant's contacts can satisfy the minimum contacts standard by giving rise to either general or specific jurisdiction. General jurisdiction is proper "even if the ... contacts with the forum state are not directly related to the cause of action, [as long as] the defendant's contacts with the forum state are both 'continuous and systematic.'" *Helicopteros*, 466 U.S. at 414 n.9. Here, there are no facts to support general jurisdiction against either Defendant. Neither Defendants' contacts with the state of Texas have been alleged to have been both "continuous and systematic."

### Specific jurisdiction

"Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Wilson*, 20 F.3d at 647 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990)). Specific jurisdiction is a claim-specific inquiry. "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." *Dontos v. Vendomation NZ Ltd.*, 582 Fed. Appx. 338, 343 (5th Cir. 2014).

In this case Plaintiff does not appear to argue that the contract was formed or agreed upon in Texas. In fact, it appears uncontested that the contract for the auction of the various

5

items was agreed to and signed in Ohio, and was intended to be performed in Ohio. Accordingly, there is no specific jurisdiction here regarding the breach of contract claim.

Regarding the fraud claims, Plaintiff relies upon cases such as *Moncrief Oil Int'l v. OAO Gazprom*, 481 F. 3d 309 (5th Cir. 2007) and others for the proposition that a single act directed at the forum state can support jurisdiction if the act is substantially related to the suit.  See Docket No. 4 at p.6.[2]  Plaintiff alleges in his Original Petition that during the call Mr. Schnaidt allegedly made to Plaintiff's residence in Texas, Schnaidt represented "that he would put forth widespread marketing efforts to attract a large number of bidders, that he was experienced in selling high-end items like those owned by Plaintiff, that bidders would be able to bid remotely through the internet, and that he would set a minimum bid price of 20% of the high estimated value to be determined by Plaintiff."  Plaintiff's Original Petition at ¶7.  Plaintiff alleges that he relied upon these representations in deciding to use Defendants' services.  Plaintiff alleges that Defendants concealed facts about their auction process, Defendants failed to set minimum bids, bidders found that they could not bid on items through the internet, the auction was not properly marketed, and that Plaintiff was harmed because the items sold for significantly less than what they should have.  Plaintiff's Original Petition at ¶¶ 8-9.  Defendants counter that whatever representations may have been made in the telephone calls to Texas were superseded by the contract signed in Ohio.

Also in an auction setting, the Fifth Circuit in *Renoir v. Hantman's Associates, Inc.*, 230 F. App'x 357 (5th Cir. 2007) reviewed whether a defendant's misrepresentations directed to Texas

---

[2] Plaintiff confusingly devotes a great deal of attention to the contacts made by Mr. Barrick and his alleged agency status to Defendants.  The Court cannot, however, locate any statements allegedly attributable to Barrick that Plaintiff claims were fraudulent.  The Court assumes the references to Barrick are for the purpose that Defendants purposefully directed acts to a Texas resident.

through telephone and email communications were sufficient to establish personal jurisdiction. The Court concluded that "focusing on where a defendant allegedly directed a tort incorrectly emphasizes the relationship among the plaintiff, the forum, and the litigation, rather than among the defendant, the forum, and the litigation." *Id*. at 360. Properly considering all factors to evaluate whether the defendants purposefully availed themselves of the benefits and protections of doing business in Texas, the court concluded that no personal jurisdiction existed. In that case the physical location of the plaintiffs in Texas was irrelevant. The items to be auctioned were primarily kept in Florida, and then Maryland. The auction was held in Maryland. Defendants' "only contact with Texas came about by the fortuity that a collection in Florida happened to be owned by the appellants in Texas." Here, of course, the facts are slightly different. The items were owned by a Texan and kept in Texas, but then transported to Ohio. Notwithstanding the factual differences, the fact remains the Fifth Circuit concluded that the alleged misrepresentations directed to Texas residents were insufficient to warrant personal jurisdiction.

Yet the law in this area is very unsettled. The Fifth Circuit in *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 2007) stated: "When a nonresident defendant commits a tort within the state ... that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state ... to exercise personal adjudicative jurisdiction ..." *Id*. at 314 (citing *Guidry v. United States Tobacco Co., Inc*., 188 F.3d 619, 628 (5th Cir. 1999)). In *Moncrief Oil*, the Fifth Circuit concluded "even without other contacts, jurisdiction would exist if Gazprom committed a tort while in the state. Moncrief, however, failed to state a claim of negligent representation." *Id*.

7

In this case the Plaintiff has presented a prima facie case that personal jurisdiction is proper. He has set forth facts that taken as true would establish that Schnaidt, either acting in his individual capacity or as the President of Apple Tree made certain representations about what pre-auction marketing would occur and how the auction would be conducted. As stated above, even though Defendants strongly contest the version of events Plaintiff has alleged, at this stage the Court must accept as true the uncontroverted allegations in the complaint and resolve in favor of the Plaintiff any factual conflicts. Specific jurisdiction exists over both Defendants as to Plaintiff's fraud claims.

**Motion to dismiss based upon Fed. R. Civ. P. 12(b)(3) and 28 U.S.C § 1406(a)**

Whether venue is "wrong" or "improper" for purposes of § 1406(a) and Rule 12(b)(3) is "generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). Section 1391 provides: "[e]xcept as otherwise provided for by law ... this section shall govern the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a). Subsection (b) states:

> [a] civil action may be brought in-(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."
> 28 U.S.C. § 1391(b).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is

improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co.*, 134 S. Ct. at 577.

Defendants argue that a substantial part of the events or omissions giving rise to the claim occurred in Ohio, not Texas. Plaintiff relies on his claim that Schnaidt made misrepresentations to him during telephone calls placed to his Texas residence.

In *Siragusa v. Arnold*, No. 3:12-CV-04497-M, 2013 WL 5462286, at *3 (N.D. Tex. Sept. 16, 2013), the court concluded that alleged misrepresentations *and* the negotiation of the alleged contract, which occurred via communications to the Northern District of Texas, made venue proper and satisfied the "substantial part of the events or omissions giving rise to the claim occurred" analysis. In this case, the facts differ. The negotiation of the contract was not concluded until Plaintiff's items had been inspected in Ohio, accepted, the cash advance agreed upon, and a contract signed. The written agreement was silent as to details of how marketing was to be conducted and whether a minimum bid was required. Other than the happenstance that Plaintiff was in Texas when Schnaidt allegedly called two or three times by phone, this Court cannot conclude that "a substantial part of the events or omissions giving rise to the claim occurred" in Texas and accordingly venue here is improper. Dismissal of Plaintiff's fraud claims is required for improper venue.

Because of the disposition of the case on the bases stated above, the Court declines to analyze Defendants' alternative motion pursuant to 28 U.S.C. § 1404(a).

## Conclusion

The Court does not possess personal jurisdiction over Plaintiff's breach of contract claim and accordingly this claim is dismissed against both Defendants without prejudice. This Court

does possess personal jurisdiction against both Defendants regarding Plaintiff's fraud claims. Defendants' motion to dismiss for lack of personal jurisdiction is granted in part and denied in part (docket no. 2).

Defendants' motion to dismiss based upon Fed. R. Civ. P. 12(b)(3) and 28 U.S.C § 1406(a) as to Plaintiff's fraud claims is granted.

This case is dismissed without prejudice.  The Clerk is directed to enter Judgment and to close this case.

SIGNED this 27th day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE